25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Avery Ross BRADEN, Defendant-Appellant.
 No. 93-6395.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: KENNEDY and BOGGS, Circuit Judges; and HILLMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Avery Ross Braden was arrested on state charges for robbery and was subsequently indicted by a federal grand jury on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). He pleaded guilty to both of the federal counts, but later attempted to withdraw his plea. On appeal, he claims that the district court should have allowed him to change his plea. Because we find that the district court did not abuse its discretion in denying Braden's request, we affirm.
 
 
 2
 * On October 15, 1991, the Memphis police responded to a call about an armed robbery at a dry cleaners. The robbery victim told police that the robbers put a gun to her head and forced her to lie on the floor. The robbers took cash and jewelry before fleeing.
 
 
 3
 Soon after the robbery, the police stopped Braden near the cleaners. When the officers searched Braden, they found a .25 caliber pistol and items taken in the robbery. Braden pleaded guilty to the robbery in state court before his appearance in federal court.
 
 
 4
 On June 9, 1993, after two continuances, the district court set Braden's trial for July 7. On June 15, the district court granted a continuance pending disposition of Braden's motion to suppress evidence. On June 21, the district court denied Braden's motion to suppress evidence. On June 28, Braden pleaded guilty to being a felon in possession of a firearm. During the plea proceeding, Braden indicated to the court that he did not understand what the court meant when it said that the government would have to prove each and every element of the charges against him. The court explained in detail what the government had to prove and Braden indicated that he understood. Braden also testified that his plea was voluntary.
 
 
 5
 On July 14, 1993, Braden made a motion to withdraw his guilty plea. At a hearing on July 26, 1993, Braden claimed that his attorney had forced him to plead guilty. The district court denied Braden's motion but allowed Braden's counsel to withdraw from the case. The district court appointed new counsel for Braden on August 27.
 
 
 6
 The pre-sentencing report ("PSR"), using the 1990 Guidelines, determined Braden's total offense level was 25. The PSR assigned a base offense level of 20, pursuant to USSG Secs. 2K2.1 and 2B3.1(a) (Base offense level for robbery). The PSR increased Braden's level by 3 for brandishing, displaying, or possessing a firearm while committing a robbery. USSG Sec. 2B3.1(b)(2)(C). The PSR then increased the level by 2 because Braden's victim was physically restrained during the robbery. USSG Sec. 2B3.1(b)(4)(B).
 
 
 7
 The PSR also found that Braden was an armed career offender within the meaning of USSG Sec. 4B1.4. This determination was based on Braden's convictions for second degree burglary (1985), attempt to commit a felony (third degree burglary) (1987), and rape (1987). The PSR enhanced his offense level to a new total of 34, pursuant to USSG Sec. 4B1.4(b)(3). Braden had 14 criminal history points, which put him in criminal history category VI even without the career offender enhancement. Had Braden's offense level not been enhanced for being a career offender, his sentencing range would have been 110-137 months. With the enhancement, his sentencing range jumped to 262-327 months. The district court adopted the PSR and sentenced Braden to 277 months' imprisonment and five years' supervised release.
 
 II
 
 8
 The only issue before this court is whether the district court abused its discretion in denying Braden's motion to withdraw his guilty plea.[1] Braden claims that the district court did not have a sufficient reason for denying his motion, failed to explain its reasons for the denial, and that his plea was not made knowingly or intelligently. Federal Rule of Criminal Procedure 32(d) allows a district court to grant a motion to withdraw a guilty plea "upon a showing by the defendant of any fair and just reason." "Permitting a withdrawal [of a guilty plea] is within the discretion of the district court, and we will reverse only for an abuse of that discretion. The appellant has the burden of proving that withdrawal from a plea is justified." United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990) (citation omitted).
 
 
 9
 "In determining whether there is a fair and just reason to grant a motion to withdraw a plea, the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). In determining whether the defendant should be allowed to withdraw a plea, the district court should consider:
 
 
 10
 (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.
 
 
 11
 United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988).
 
 
 12
 A comparison of the Goldberg factors with the transcript of Braden's plea hearings indicates that Braden failed to carry his burden of proving that a withdrawal of his plea was justified. First, at the plea proceeding, Braden did not indicate that he had intended to raise any defenses to the possession of a firearm charge; at the hearing on his motion to withdraw his plea, he did not assert any defense to the charge; at no time did he maintain his innocence. Braden suggests that the government admitted that it could not prove that the gun travelled in interstate commerce. A closer inspection of the record, however, indicates that the Assistant United States Attorney stated that while he did not know off-hand where the gun was manufactured, he did know for a fact that it was not manufactured in Tennessee. Although Braden attempts to paint this colloquy as a potential defense to the charge, the record does not support his assertion.
 
 
 13
 Second, even though Braden claimed that his plea was coerced, he did not make a motion to withdraw his plea until nearly two weeks after he entered the plea. While a "swift change of heart" may well suggest that a plea was entered "in haste and confusion," United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987), changing one's mind after a two-week delay does not qualify as a "swift change of heart."
 
 
 14
 Third, Braden did not indicate why he waited to withdraw his plea, except to say that his earlier plea was the result of coercion by his attorney. As the district court noted, Braden stated in open court that the plea was not coerced. When the district court asked why Braden had not indicated earlier that his plea was coerced, Braden merely stated that he and his attorney did not agree on the way his case should be conducted. Even if Braden had a legitimate complaint against his attorney, he still had the burden of justifying his reason for not informing the district court earlier that his attorney was compelling him to enter a guilty plea. Braden did not even address this question at the Rule 32(d) hearing; thus, he has failed to meet his burden on this issue.
 
 
 15
 Fourth, the circumstances surrounding the entry of the plea, coupled with Braden's background, indicate that the district court did not err in denying his Rule 32(d) motion. The district court was notably careful in the plea hearing to make sure that Braden understood that he was facing a 15-year mandatory minimum sentence; the district court also made sure that Braden understood the nature of the crime with which he was charged. The district court allowed Braden to ask questions about the elements of the crime and the court answered the questions to Braden's satisfaction. After a lengthy colloquy, Braden pleaded guilty. Considering the time and care taken by the district court in accepting Braden's plea, and the fact that Braden was no stranger to the criminal justice system, there is no reason to believe that Braden's guilty plea was the result of a misunderstanding on Braden's part as to the seriousness of pleading guilty. Finally, even though the government does not argue that it would have been prejudiced had Braden been allowed to withdraw his plea, in light of the other factors, the lack of prejudice alone is not sufficient to find an abuse of discretion in this case.
 
 
 16
 As for Braden's contention that the district court failed to create an adequate record, we note that there is no requirement that the district court make specific findings of fact on each of the Goldberg factors. "[I]n order to review a discretionary decision, some understanding of the trial court's reasons is necessary," Morscott, Inc. v. Cleveland, 936 F.2d 271, 272 (6th Cir.1991), but this is not the same as requiring the district court to make specific findings on the record. In this case, the district court stated that, had Braden indicated at the hearing that his plea was coerced, the court would have halted the proceedings immediately. The court also noted that it felt that Braden's attempt to withdraw his plea was based on his dislike for his current counsel rather than any real coercion. To remedy this, the court appointed new counsel for Braden. In this case, the record adequately reflects the basis for the district court's denial of Braden's motion.
 
 
 17
 Braden also argues that he did not knowingly and intelligently enter a guilty plea. He advances three bases for his argument. First, Braden contends that he did not know he was subject to a mandatory minimum sentence of 15 years because the government did not mention his prior convictions during the plea colloquy. Although the government did not mention Braden's prior convictions, the indictment indicated that Braden was subject to the 15-year mandatory minimum sentence specified in 18 U.S.C. Sec. 924(e)(1). Moreover, the judge reminded Braden during the plea hearing that he was subject to the statutory minimum sentence. Consequently, Braden's argument on this point is without merit.
 
 
 18
 Braden's second argument is that during the plea colloquy the government did not indicate that he possessed a firearm in connection with a violent crime. Braden asks us to infer from this fact that he did not know that he was subject to 18 U.S.C. Sec. 924(e)(1) or an enhanced sentence under USSG Sec. 4B1.4. This argument is without merit. There is nothing in the statute or the Sentencing Guidelines that requires the government to show that a defendant possessed a gun in relation to a violent crime. Section 922(g) only requires the government to prove that the defendant was a felon in possession of a firearm. Once a defendant is convicted under Sec. 922(g), he is automatically subject to the 15-year mandatory minimum sentence requirement under Sec. 924(e)(1) if he has the requisite number and types of prior convictions. Similarly, USSG Sec. 4B1.4 does not require the government to prove that the instant offense was a violent crime; the government need only show that a defendant has three prior convictions for "violent felonies" or "serious drug offenses." USSG Sec. 4B1.4, comment. (n. 1).
 
 
 19
 Here, the indictment listed three of Braden's violent felony convictions and indicated that Braden was subject to sentencing as an armed career criminal. Also, during the plea colloquy, the district court warned Braden that he might be subject to a more severe sentence than the 15-year mandatory minimum. Braden indicated that he understood this and that he agreed to be bound by his plea agreement. In light of this record, we find that Braden was adequately informed of the possible sentence that he faced.
 
 
 20
 Braden's third argument is that he did not understand the government's burden of proof on each element. The court, however, gave Braden a detailed description of each element of the charge and the type of evidence that the government would have to present to prove each element. At the end of his explanation, the judge asked Braden if he now understood what the government had to prove and Braden answered, "Yes, sir." Thus, Braden's argument on this score is completely without merit.
 
 
 21
 Since the district court did not abuse its discretion in denying Braden's motion to withdraw his plea, we AFFIRM its decision.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 In his brief, Braden also raised a sentencing issue. At oral argument, however, Braden's counsel specifically waived this argument