David M. HATFIELD, et al., Plaintiffs,

v.

OAK HILL BANKS, et al., Defendants.

No. 99–CV–835.

United States District Court,
S.D. Ohio,
Eastern Division.

Sept. 30, 2002.

Kimberly M. Skaggs, Equal Justice Foundation—2, Columbus, OH, Gary Michael Smith, Graham McClelland Ransbottom, Dover, OH, for Plaintiffs.

Bruce A. Curry, Jennifer K. Mason, Baran Piper Tarkowsky, Fitzgerald & Theis—2, Worthington, OH, for Defendants.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on the Plaintiffs' Motion for Award of Fees and Costs. Defendants Mid–Ohio Financial Services, Elsea Home Center, Inc., and ASA Elsea (collectively, "Elsea Defendants") have filed a Memorandum Contra Plaintiffs' Motion. For the reasons set forth below, the Court **GRANTS** the Plaintiffs' Motion, and **ORDERS** the Defendants to pay the Plaintiffs' attorney's fees and litigation expenses in the amount of **$52,967.50**.

### II. BACKGROUND

On August 31, 1999, the Plaintiffs filed a Complaint against the Elsea Defendants and Defendant Oak Hill Banks ("Oak Hill").[1] The Complaint was based on the Plaintiffs' purchase of a home from Defendant Elsea, Inc., for which Defendant Mid–Ohio Financial Services acted as the mortgage broker. Defendant Oak Hill held the Plaintiffs' consumer credit contract. In the Complaint, the Plaintiffs alleged that the home they purchased was installed late, its construction was poor, and the maintenance provided was meager. The Plaintiffs claimed that, as a result, they rescinded the transaction, attempted to revoke any acceptance of the home, and ultimately conveyed their interest in the home to Oak Hill via a General Warranty Deed. The Plaintiffs alleged, *inter alia*, that, by virtue of their actions, the Elsea Defendants had violated the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, as well as the Ohio Consumer Sales Practices

---

1. The Plaintiffs also named Ron Eitel as a Defendant in their Complaint. The claims against Mr. Eitel were dismissed with prejudice on December 15, 2000.

Act, Ohio Rev.Code § 1345.01 *et seq.*, and that Defendant Oak Hill had violated the Truth–in–Lending Act, 15 U.S.C. § 1601 *et seq.*

On December 20, 1999, the Plaintiffs filed a Motion to Certify a Class Action. The Court denied that Motion on October 4, 2000.

On March 13, 2000, the Plaintiffs and Defendant Oak Hill filed a Motion for Order to Approve Proposed Settlement that had been negotiated among those parties. The Court approved that settlement and dismissed Oak Hill by an Order dated October 31, 2000.

On January 9, 2001, the Plaintiffs and the Elsea Defendants filed an Agreed Rule 58 Judgment Entry, indicating that they had reached a settlement on the remaining issues in the litigation. In that Entry, the parties agreed, *inter alia*, that the Plaintiff's claim for recovery of attorney's fees and costs would be briefed and submitted to this Court for adjudication by means of a separate final entry.

This matter is now before the Court on the Plaintiffs' Motion for Fees and Costs. The Plaintiffs seek to recover only from the Elsea Defendants, not Defendant Oak Hill.

## III. STANDARD OF REVIEW

This Court has the discretion to award reasonable attorney's fees to prevailing parties in cases brought under the Magnuson–Moss Warranty Act.[2] A reasonable fee is one that is adequate to attract

competent counsel, but one that does not produce a windfall to the attorney. *See Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In calculating a statutory award of attorney's fees, "[t]he most useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The result of this calculation is called the lodestar. The lodestar is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). A court determines a reasonable hourly rate by reference to the prevailing market rates in the community. *See Blum*, 465 U.S. at 895, 104 S.Ct. 1541. The prevailing party bears the burden of establishing, by way of satisfactory evidence and the attorney's own affidavits, that the hourly rates meet this community rate. *See Id.* at 895 n. 11, 104 S.Ct. 1541. With respect to the number of hours expended, the prevailing party must establish that those hours were "reasonably expended." *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. The court may exclude from the lodestar calculation unnecessary hours or hours that lack proper documentation. *Id.*

## IV. ANALYSIS

The Plaintiffs contend that they asserted three causes of action against the Elsea Defendants that entitle them to attorney's fees: (1) the Magnuson–Moss Warranty Act; (2) the Ohio Consumer Sales Practices Act;[3] and (3) the fiduciary/mortgage

**2.** The Magnuson–Moss Warranty Act provides:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by

the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.
15 U.S.C. § 2310(d)(2).

**3.** The Ohio Consumer Sales Practices Act provides:

> The court may award to the prevailing party a reasonable attorney's fee limited to the

broker claims. The Court finds, however, that, because the Plaintiffs failed to specify the nature of the "fiduciary/mortgage broker" claims, the Plaintiffs are not entitled to an award of attorney's fees thereunder. In addition, because the Court has not made a finding with respect to whether the Elsea Defendants knowingly violated the Ohio Consumer Sales Practices Act, the Plaintiffs are not entitled to an award of attorney's fees for the claims brought under that statute. Therefore, the Court proceeds to consider the Plaintiffs' Motion for Fees only with respect to the claims asserted against the Elsea Defendants under the Magnuson–Moss Warranty Act. In particular, the Court considers the following arguments set forth by the Elsea Defendants: (1) that the Plaintiffs are not "prevailing parties"; (2) that, even if the Plaintiffs are prevailing parties, their fees should not include time spent pursuing Defendant Oak Hill; and (3) that, even if the Plaintiffs are prevailing parties, their fees should not include time spent pursuing class action certification.

### A. Plaintiffs as Prevailing Parties

■ A prevailing party is one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quotation marks and citation omitted). As the Sixth Circuit has recognized, " 'a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties ... in a way that directly benefits the plaintiffs.' " *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir.2001) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Accordingly, to qualify as a prevailing party, the plaintiff

must obtain an enforceable judgment against the defendant from whom the fees are sought, or "comparable relief through a consent decree or settlement." *Farrar*, 506 U.S. at 111, 113 S.Ct. 566.

The Defendants contend that the Plaintiffs are not entitled to attorney's fees because they are not "prevailing parties." In particular, the Defendants state that, in cases where the plaintiff's relief stems from a voluntary change in the defendant's conduct, the plaintiff must show that his lawsuit was the· "catalyst" behind that change. *Owner–Operator Indep. Drivers Assoc., Inc. v. Bissell*, 210 F.3d 595, 597 (6th Cir.2000). The Defendants then go on to argue that the Plaintiffs cannot demonstrate that their lawsuit was the catalyst behind the changes in the Defendants' operations, and that, therefore, they are not prevailing parties.

While the Defendants are correct that, in certain cases, a plaintiff must demonstrate that his lawsuit was the catalyst behind the change in the defendant's conduct before he can be deemed a prevailing party, this is not such a case. To the contrary, *Owner–Operator* states that the catalyst theory applies when the plaintiff's relief stems from a voluntary change in the defendant's conduct. *Owner–Operator*, 210 F.3d at 597. In other words, the theory applies when the defendant voluntarily changes its conduct so as to moot the plaintiff's claims. *See Owner–Operator*, 210 F.3d at 597–98 (applying the catalyst theory to find the plaintiffs prevailing parties even when injunctive relief was not necessary because the officer who had been found to be violating the plaintiffs' constitutional rights had been terminated from his employment, and the agency for which he had worked had been abolished

---

work reasonably performed, if ... [t]he supplier has knowingly committed an act or practice that violates this chapter.

OHIO REV.CODE § 1345.09(F)(2).

by statute). Here, however, the Elsea Defendants did not voluntarily change their conduct, but entered into a negotiated agreement with the Plaintiffs precipitated by Plaintiffs' lawsuit. As a result of the negotiated agreements the Elsea Defendants were obligated to change their conduct. Therefore, the catalyst theory is inapplicable, and the Court turns to the traditional definition of "prevailing parties," set forth above, to determine whether the Plaintiffs qualify as such.

■ The Court finds that the Plaintiffs are prevailing parties with respect to the Moss–Magnuson Warranty Act claims they asserted against the Elsea Defendants. Although the Plaintiffs were not awarded a judgment on the merits of their claims, they received a comparable result through settlement. Indeed, the terms of the settlement mandated not only that the Defendants pay monetary compensation to the Plaintiffs, but also that the Defendants implement a consumer-friendly Magnuson–Moss dispute resolution mechanism. Both the monetary relief and the dispute resolution mechanism constitute at least "some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933.

Accordingly, the Court finds that the Plaintiffs are prevailing parties to whom the Court may award attorney's fees.

### B. Claims Against Oak Hill

■ The Defendants contend that, even if the Plaintiffs are "prevailing parties," the fees that they are awarded should not include time that the Plaintiffs spent pursing their Truth–in–Lending Act ("TILA") claims brought against Defendant Oak Hill. The Court agrees, and recognizes that the Plaintiffs have not requested payment for such time in their Motion for Fees. Therefore, items such as the time spent drafting the January 26, 2000 letter to Oak Hill's counsel regarding the motion to approve settlement will be excluded as unrelated to the claims against the Elsea Defendants.

The Defendants also argue that all of the Plaintiffs' contact with or work relating to Oak Hill prior to October 31, 2000, the date that the Court approved the settlement entered into between Oak Hill and the Plaintiffs, must be excluded from the hours for which the Plaintiffs can collect attorney's fees from the Elsea Defendants. The Defendants contend that, until October 31, 2000, Oak Hill remained an active litigant in the case against whom the Plaintiffs continued to pursue their claims, and it was not until that date that Oak Hill acted as a third-party witness against the Elsea Defendants. The Court recognizes, however, that prior to October 31, 2000, Plaintiffs' counsel had some contact with Oak Hill or its representatives that related to the claims against Elsea, not against Oak Hill. For instance, the April 27, 2000 letter to Oak Hill's counsel seems to pertain to Elsea, not the TILA claims against Oak Hill. The hours that reflect contact with Oak Hill regarding the claims against the Elsea Defendants need not be excluded from Plaintiffs' counsel's total number of hours.

Similarly, the Court recognizes that Plaintiffs' counsel devoted some time to work that related to Oak Hill and the Elsea Defendants equally. That is, Plaintiffs' counsel conducted some work that related to Oak Hill, but that same work would have been conducted with respect to the Elsea Defendants even if Oak Hill had not been involved in the litigation. For example, on December 3, 1999, Plaintiffs' counsel drafted a letter to the Plaintiffs, Oak Hill's counsel, and Elsea's counsel. The hours devoted to that task need not be excluded or even reduced because, presumably, Plaintiff's counsel would have spent the same amount of time on that letter even if it had not been sent to Oak

Hill. Indeed, it appears that the letter to counsel for Oak Hill and counsel for Elsea was virtually identical.

Accordingly, the Court will review the hours recorded by Plaintiffs' counsel, and will determine whether any time should be excluded as relating only to the claims against Defendant Oak Hill. The Court will not exclude time for work that relates equally to Oak Hill and the Elsea Defendants, nor will it exclude time for work that was conducted with Oak Hill, but related to the claims against the Elsea Defendants.

### C. Class Claims

The Defendants argue that the Plaintiffs are not entitled to recover attorney's fees for the time they spent pursuing their class claims because they were unsuccessful in seeking class certification, and even with the settlement agreement, they cannot be considered prevailing parties in this respect. The Court agrees, and finds that any hours that were devoted solely to the pursuit of the class claims should be excluded from the total number of hours for which the Plaintiffs seek fees. The Court recognizes, however, that certain aspects of the class claims were so intertwined with the individual claims brought against the Elsea Defendants that Plaintiffs' counsel would have expended virtually the same amount of time conducting certain tasks even if the class claims were not being pursued.

Therefore, the Court will exclude from the Plaintiffs' total number of hours for which they seek fees any hours that were devoted solely to the pursuit of the class claims. The Court will not exclude any hours that were devoted to the class claims, but were intrinsically connected to the pursuit of the individual claims brought against the Elsea Defendants.

### D. Reasonable Hourly Rate

The Defendants contend that, regardless of the number of hours for which the Plaintiffs should be awarded attorney's fees, the Plaintiffs should be compensated at a rate not to exceed $225.00 per hour. *See Lindsey v. Burcham,* Case No. C–1–98–223, at 10 (S.D.Ohio 2000) (Dlott, J.) (awarding attorney Gary M. Smith attorney's fees at a rate of $225.00 per hour). The Plaintiffs, however, request that Mr. Smith be compensated at a rate of $250.00 per hour.

The Court has broad discretion in determining what constitutes a reasonable hourly rate for an attorney. *Wayne v. Village of Sebring,* 36 F.3d 517, 533 (6th Cir.1994) (citing *Louisville Black Police Officers Org. v. City of Louisville,* 700 F.2d 268, 277–78 (6th Cir.1983)). In exercising its discretion, the Court should consider the fair market value of the services rendered by the attorney. *Northcross v. Bd. of Educ. of Memphis City Schools,* 611 F.2d 624, 638 (6th Cir.1979). "In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney." *Id.*

■ Attached to the Motion for Fees, Mr. Smith filed a declaration in which he averred that his customary billing rate for contingent fee representation in the Southern District of Ohio is $250.00 per hour. In light of Mr. Smith's extensive litigation experience, his education, and his background, and in light of the fact that Judge Dlott found the reasonable value of the legal services that he performed in 1998 and 1999 to be $225.00 per hour, the Court finds that $250.00 per hour constitutes a reasonable hourly rate for the work that Mr. Smith did in this case. Therefore, the Court will calculate the lodestar by multiplying the number of hours that Mr. Smith worked in pursuit of his claims against the Elsea Defendants by $250.00.

The Court finds that, within the parameters set forth above, Plaintiffs' counsel shall be compensated for 198.1 hours at the rate of $250.00 per hour. He is, therefore, entitled to $49,525.00 in attorney fees.

### E. Costs

Plaintiffs request $3,442.50 in costs. Defendants object to a portion of those costs, claiming that an award of costs for the Plaintiffs' deposition copies is improper. They state that expenses for depositions not actually read into evidence generally are not recoverable. *See Fulwiler v. Schneider,* 104 Ohio App.3d 398, 662 N.E.2d 82 (1995).

Under Rule 54 of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party ...." FED. R.CIV.P. 54(d)(1); *see White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir.1986) (stating that Rule 54(d) creates a presumption in favor of awarding costs to ·the prevailing party). "Costs" may include the cost of taking and transcribing depositions, as long as such depositions appear to be reasonably necessary to the litigation at the time they are taken. *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989). Necessity is determined at the time of taking; the fact that a deposition is not ultimately used at trial does not control the determination of whether an award of costs is proper. *Id.* (citing *La-Vay Corp. v. Dominion Fed. S. & L. Ass'n,* 830 F.2d 522, 528 (4th Cir.1987), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988)).[4]

The Court finds that the depositions taken and filed by the Plaintiffs seemed reasonably necessary at the time of taking. Therefore, the Plaintiffs are entitled to recover the costs therefor from the Elsea Defendants.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' Motion for Fees and Costs, and hereby **ORDERS** the Defendants to pay the Plaintiffs' attorney's fees and litigation expenses in the amount of **$52,967.50,** reflecting 198.1 hours of work, billed at a rate of $250.00 per hour, plus $3442.50 in costs.

**IT IS SO ORDERED.**

---

4. The Court recognizes that under Ohio's Civil Rule 54(D) the expense of depositions not used at trial may not be taxed as costs. *Fulwiler v. Schneider,* 104 Ohio App.3d 398, 662 N.E.2d 82, 90 (1995). This Court, however, analyzes the propriety of awarding the Plaintiffs their costs under the Federal Rules of Civil Procedure, and is not bound by a ruling of the state court on this issue. The Court notes that it is proper to look to the Federal Rules for guidance particularly in light of the fact that the Plaintiffs are prevailing parties with respect to the claims brought under federal law.