Kelly **DILLERY**, Plaintiff,

v.

**CITY OF SANDUSKY,**
**et al., Defendant.**

**No. 3:99 CV 7353.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 4, 2004.

*Brookeside Ambulance, Inc.,* 112 Ohio App.3d at 156, 678 N.E.2d 248 (quoting *Restatement* *(Second) of Torts* § 767 (1979)).

K. Ronald Bailey, Sr., Esq., Law Offices Of K. Ronald Bailey, Linda R. Van Tine, Esq., Sandusky, OH, for Plaintiff.

William S. McCready, Esq., Shannon J. Dedmon–George, Esq., Ritter, Robinson, McCready & James, Toledo, OH, William P. Lang, Esq., Avon Lake, OH, Donald C. Iscman, Esq., Sandusky, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

Pending before the Court is Plaintiff's motion for fees and costs (Doc. No. 55) as to which Defendants have filed a response (Doc. No. 66) and Plaintiff has filed a supplemental memorandum in support (Doc. No. 68). For the reasons stated below, Plaintiff's motion will be denied.

### BACKGROUND

On June 10, 1999, Plaintiff Kelly Dillery ("Dillery") filed this action against Defendants. The Court issued a memorandum opinion and judgment entry granting summary judgment to Defendants on all claims (Doc. Nos. 42 & 43). Plaintiff filed a motion for reconsideration (Doc. No. 44) asserting that Defendants did not move for and thus were not entitled to summary judgment on certain claims. Plaintiff also made various arguments for reinstatement of claims on which the Defendants did move for summary judgment.

The Magistrate Judge issued a Report and Recommendation, in which she recommended reinstatement of certain claims, to which Defendants filed an objection. The Court conducted a status conference and instructed the parties to submit for reconsideration those issues that had not been mooted by Judge James G. Carr's rulings in *Ability Ctr. of Greater Toledo v. City of Sandusky,* No. 99cv7555 (N.D.Ohio). Plaintiff presented four issues for the Court's consideration. The Court issued a memorandum opinion and judgment entry granting in part and denying in part Plaintiff's motion for reconsideration (Doc. Nos. 53 & 54).

### DISCUSSION

█ Plaintiff now seeks fees and costs in the amount of $36,139.95 on behalf the Law Office of K. Ronald Bailey & Associates Co., L.P.A. and $53,034.52 for Linda Van Tine. 42 U.S.C. § 12205 provides:

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

" '[P]laintiffs may be considered to be 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in

litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). The Supreme Court has further refined and elaborated on this definition.

In *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), the Court reversed an award of attorney's fees under § 1988, observing that the "most [the plaintiff] obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state a constitutional claim." The *Hewitt* Court also stated:

> In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct. Redress is *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement—what makes it a proper judicial resolution of a "case or controversy" rather than and advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.* (emphasis in original).

*Id.* at 761, 107 S.Ct. 2672.

In *Hewitt,* the Court asserted the plaintiff had received nothing but the "moral satisfaction of knowing that a federal court concluded that his rights had been violated." *Id.* at 762, 107 S.Ct. 2672.

In *Rhodes v. Stewart,* 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) two inmates filed suit alleging that Ohio correctional officials had violated their First and Fourteenth Amendment rights by refusing to allow them to order a magazine. The district court entered judgment in the plaintiffs' favor, and subsequently awarded attorney's fees, which the Sixth Circuit affirmed. The *Rhodes* Court, however, reversed the award of attorney's fees, asserting that "[a]lthough the plaintiff in *Hewitt* had not won a declaratory judgment, nothing in our opinion suggested that the entry of such a judgment in a party's favor automatically renders that party a prevailing party under § 1988." *Id.* at 3, 109 S.Ct. 202. In *Rhodes,* the Court explained "[a] modification of prison policies on magazine subscriptions could not have benefited either plaintiff, one of whom was dead and the other released before the District Court entered its order." *Id.* at 4, 109 S.Ct. 202.

In *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court maintained:

> The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley,* not to the availability of a fee award *vel non.*

However, resolution of a dispute that represents "a technical victory may be so insignificant, and may be so near the situations addressed in *Hewitt* and *Rhodes,* as to be insufficient to support prevailing party status." *Id.* at 792, 109 S.Ct. 1486.[1]

---

1. Since there was no evidence that the requisite pre-approval to hold teacher meetings with union representatives during nonschool hours had ever been denied, in *Garland* the Court maintained that the district court's finding that the requirement was unconstitutionally vague alone would have been insufficient to confer prevailing party status for purposes of § 1988. *Id.*

In *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the Court addressed whether nominal damages represented the type of technical victory described in *Garland*, and drew on the principles from the foregoing cases, stating:

> [T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, *Hewitt*, [482 U.S.] at 760, 107 S.Ct. 2672, or comparable relief through a consent decree or settlement, *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. *See Hewitt*, [482 U.S.] at 764, 107 S.Ct. 2672. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff." *Rhodes*, [488 U.S.] at 4, 109 S.Ct. 202. Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. *Garland*, [489 U.S.] at 792–793, 109 S.Ct. 1486. *In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way the directly benefits the plaintiff.* (emphasis added).

*See also Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir.2001); *Hatfield v. Oak Hill Banks*, 222 F.Supp.2d 988, 991 (S.D.Ohio 2002).

■ Applying this standard, the *Farrar* Court held that an award of nominal damages is sufficient to "confer prevailing party status" for purposes of awarding attorney's fees under § 1988. *Id.* at 112–14, 113 S.Ct. 566. *See also Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir.2003). In *Farrar*, however, the Court also observed that the type of victory in *Rhodes*, and the example in *Garland*, "would fail to support prevailing party status under the test we adopt today." *Id.* at 113, 113 S.Ct. 566.[2]

■ In granting in part and denying in part Plaintiff's motion for reconsideration, this Court vacated its prior ruling as to Defendants' failure to comply with ADA sidewalk accessibility requirements and adopted ¶¶ 6–21, 25, and 26 of Judge Carr's January 17, 2003, Final Order issued in *Ability Ctr. v. Sandusky* (Doc. No. 99) substituting "Plaintiff's Counsel" for "Class Counsel" in paragraphs 9, 19, 20, 21 and 25. The Court, however, denied Dillery's motion in all other respects. Though ruling in Plaintiff's favor on the ADA curb cut issue, the Court asserted:

> [T]he only remaining relief of which Plaintiff might avail herself with respect to Sandusky's ADA violations is injunctive relief. However, as noted below, Plaintiff concedes that this aspect of her claim has been mooted by Judge Carr's rulings in *Ability Center*.

(Doc. No. 53, p. 3).

Granted, Plaintiff filed her case prior to *Ability Ctr.* However, in her brief following the Court's phone status on her motion for reconsideration, Plaintiff states that she "agrees the issue of curb cut compliance is being adequately met through the

---

2. An award of attorney's fees to prevailing parties as authorized by Congress in shifting provisions in several statutes, including Section 12205 of the ADA, are analyzed in the same way. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 602–03 n. 4, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. 1933.

structure established in *Ability Center v. City of Sandusky.*" (Doc. No. 49, p. 16).

■ Moreover, Defendants assert, and Dillery does not contravene, that the nature of the evidence used in *Ability Ctr.* and that proffered in relation to this Court's initial ruling in the instant action, were different. Defendants also maintain, and Dillery does not dispute, that the injunctive relief obtained in *Ability Ctr.* was for all members of the class using ambulatory aids, which includes Plaintiff. On the other hand, the Court's memorandum opinion and judgment entry affords declaratory relief (¶¶ 11–13), injunctive relief (¶¶ 14–17), contains record keeping requirements (¶¶ 18–19), reporting provisions (¶¶ 20–21) and remedies for non-performance (¶ 25) seemingly independent of that in *Ability Ctr.* The Court, however, need not explicitly determine if Plaintiff is a prevailing party under these circumstances.[3]

Even assuming *arguendo* that the aforementioned relief is sufficient to confer prevailing party status on Plaintiff, the Court finds that the only reasonable attorney's fees are none at all. The technical nature of a plaintiff's victory weighs heavily on the amount of fees that may be awarded. *Farrar*, 506 U.S. at 114, 113 S.Ct. 566. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees."

*Hensley*, 461 U.S. 424 at 440, 103 S.Ct. 1933, 76 L.Ed.2d 40. A plaintiff who seeks compensatory damages and only receives nominal damages exemplifies the circumstances in which a formally prevailing plaintiff is not entitled to any attorney's fees. *Farrar*, 506 U.S. at 115, 113 S.Ct. 566.[4]

In *Farrar*, the Court affirmed the Fifth Circuit Court of Appeal's reversal of an award of attorney's fees, asserting that an award of one-dollar instead of the $17 million sought "accomplished little beyond giving the petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way." *Farrar*, 506 U.S. at 114, 113 S.Ct. 566 (quoting *Hewitt*, 482 U.S. at 762, 107 S.Ct. 2672). Moreover, under such circumstances the Court may award low fees or no fees without calculating the lodestar or recounting the twelve factors to be applied in making an appropriate adjustment to the lodestar amount. *Farrar*, 506 U.S. at 115, 113 S.Ct. 566.

Here, Plaintiff contends that the relief obtained is substantially more than nominal damages. This may be true if viewed in a vacuum. When placed in context, and considered in light of the facts and circumstances as set forth above, the Court can only describe Plaintiff's success and its

---

**3.** The fact that Plaintiff did not "prevail" on the entirety of her complaint does not preclude her from being a prevailing party. *See Berger*, 265 F.3d at 406.

**4.** Reasonable attorney fees are first calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation to arrive at the "lodestar" amount owed to a fee applicant. *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir.2000). The Court may adjust this amount by considering the following: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requi-

site to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Hamlin v. Charter Tp. of Flint*, 165 F.3d 426, 437 (6th Cir.1999) (citing *Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933).

impact on Defendants, if any, as so limited as to represent a mere moral or pyrrhic victory. Accordingly, Dillery's motion for fees and costs is denied.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for fees and costs (Doc. No. 55) is denied.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff's motion for fees and costs (Doc. No. 55) is denied.