**MORSCOTT, INC., Plaintiff–Appellant,**

v.

**CITY OF CLEVELAND; Francis Cash and Paul Beno, in their official capacities, Defendants–Appellees.**

No. 90–3935.

United States Court of Appeals,
Sixth Circuit.

Argued May 14, 1991.

Decided June 21, 1991.

Steven D. Shafron (argued), J. Michael Murray, Berkman, Gordon, Murray & Palda, Cleveland, Ohio, for plaintiff-appellant.

Paul A. Janis (argued), City of Cleveland Law Dept., Office of Director of Law, Cleveland, Ohio, for defendants-appellees.

Before JONES and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.

RYAN, Circuit Judge.

Plaintiff Morscott, Inc. appeals the denial of attorney's fees under 42 U.S.C. § 1988 in this civil rights action wherein defendants, the City of Cleveland and two of its officials, in their official capacities, were enjoined from enforcing the City's adult use zoning ordinances against Morscott. The issue before us is whether the district court abused its discretion in denying Morscott's motion for an award of attorney's fees. For the reasons that follow, we reverse and remand.

I.

In January 1990, Morscott brought suit challenging Cleveland, Ohio, Zoning Code §§ 343.01, 343.11, 343.22, and 345.06 (1988), the so-called adult use zoning ordinances. Morscott owned land which was zoned for industrial use in the City. Morscott sought a declaratory judgment that the City's Zon-

it meritless. Also, at oral argument plaintiff, in effect, abandoned this argument.

ing Code prohibited it from operating an adult bookstore and mini-motion picture theater on its land in violation of the First and Fourteenth Amendments. Morscott also sought to enjoin the City from enforcing the Zoning Code against it, and an injunction ordering the City to grant to it all of the necessary permits to operate an adult bookstore and a mini-motion picture theater. With this complaint, Morscott filed a motion for preliminary injunction.

In March 1990, a hearing was held on Morscott's motion for a preliminary injunction. In May, the district court concluded that Morscott had demonstrated a strong likelihood of success on the merits of its claim that the City's Zoning Code was unconstitutional. The court recognized that only three lots in the City satisfied all of the location and spacing requirements contained in the Zoning Code. Specifically, the court found that "[s]uch a zoning plan clearly runs afoul of the Supreme Court's directive in *Renton [v. Playtime Theaters, Inc.,* 475 U.S. 41, 54, 106 S.Ct. 925, 932, 89 L.Ed.2d 29 (1986),] that owners of adult bookstores and theaters cannot be denied a reasonable opportunity to open and operate their businesses." Finding that Morscott had satisfied all four requirements prerequisite to the granting of a preliminary injunction, the court granted Morscott's motion and ordered the City to issue Morscott all the necessary permits to allow it to operate an adult entertainment business at its preferred location.

On June 18, 1990, Cleveland City Council passed several amendments to the Zoning Code which expanded the amount of land in the City available for new adult entertainment uses. Morscott's land was favorably affected by these amendments, eliminating the controversy between the City and Morscott. The next day, the district court *sua sponte* dismissed Morscott's case as having been rendered moot by the City's action. Thereafter, Morscott filed a motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Before the City filed an answer, the district court *sua sponte* entered a marginal entry denying Morscott's motion.

## II.

Morscott appeals, claiming that the district court abused its discretion in denying its motion for attorney's fees and costs because it was a prevailing party in the court below. Specifically, Morscott claims "the district court's marginal entry completely failed to set forth any reason for denying Morscott's motion, which itself, renders the order reversible error." We agree.

This is another in an increasing number of cases in this circuit wherein district courts make marginal entries summarily denying a party's motion for attorney's fees under 42 U.S.C. § 1988. We have repeatedly held in such cases that a mere marginal entry will not suffice in denial of attorney's fees under section 1988. From such an entry, it is impossible for us to determine whether the district court is aware that it had discretion to award such fees. Moreover, we cannot tell from a marginal entry what reasons the district court had for denying the motion. Without such an explanation, this court cannot conduct an intelligent review. As we noted in *Israel v. Barberton,* No. 90–3268, 936 F.2d 573 (6th Cir. filed April 4, 1991), "[i]n order to review a discretionary decision, some understanding of the trial court's reasons is necessary. Absent a statement of reasons, no meaningful review can be made."

Moreover, the Supreme Court has held that although it is within the district court's discretion to award attorney's fees under section 1988, "in the absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff...." *Independent Fed'n of Flight Attendants v. Zipes,* 491 U.S. 754, 761, 109 S.Ct. 2732, 2736, 105 L.Ed.2d 639 (1989) (citing *Newman v. Piggie Park Enter.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)) (emphasis in original).

Other circuits have followed the Supreme Court's directive in holding that a court may not deny a motion for attorney's fees solely because the statute grants the court

discretion to do so. *See, e.g., Herrington v. County of Sonoma*, 883 F.2d 739 (9th Cir.1989); *Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1084–85 (7th Cir. 1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). In *Herrington*, the Ninth Circuit considered the denial of a motion for attorney's fees under section 1988 and stated:

> we must articulate reasons for any departure from the general rule that prevailing parties are to be awarded fees, identifying any special circumstances and explaining why they render an award unjust. The defendant has the burden of showing special circumstances warrant a denial of fees, and the defendant's showing must be a strong one.

883 F.2d at 744 (citations omitted). Therefore, a mere marginal entry denying a defendant's motion for attorney's fees does not identify special circumstances which render an award unjust.

Similarly, the Fifth Circuit ruled that when there is "a complete absence of any showing of special circumstances to render it unjust," a court must award attorney's fees. *Universal Amusement Co. v. Hofheinz*, 616 F.2d 202, 205 (5th Cir.1980). In *Hofheinz*, the district court issued a permanent injunction after it found that Houston's zoning ordinance, which prohibited the operation of adult businesses within 2,000 feet of any church, school, or other educational or charitable institution, violated the First and Fourteenth Amendments. The plaintiff was in the business of selling and distributing adult films, books, and magazines. In a supplemental complaint, the plaintiff requested an award of attorney's fees under section 1988. The defendant moved to dismiss this request and, without a hearing, the court granted the motion. The Fifth Circuit reversed, finding that there was nothing in the record demonstrating special circumstances which rendered an award unjust.

In this case, the City fails to cite any special circumstances which justify the denial of attorney's fees. The City merely argues that it acted in good faith in enacting the Zoning Code and that the unconstitutional effect of the Zoning Code was unintentional. However, good faith is not a "special circumstance" which justifies the denial of attorney's fees under section 1988. *See United States v. Slodov*, 675 F.2d 808, 810 (6th Cir.1982).

Because there is nothing in the record suggesting any special circumstances which render an award of attorney's fees unjust, we hold that Morscott should have been awarded such fees. Accordingly, we REVERSE the district court's order denying Morscott's motion for attorney's fees and REMAND for determination of an appropriate fee.