977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Delbert DOSS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1509.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Edward Delbert Doss is a pro se federal prisoner who appeals the district court's judgment which denied a motion to vacate his sentence filed under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Doss is serving an aggregate term of 260 months imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), following his convictions of possession with intent to distribute narcotics, being a felon in possession of a firearm, and use or carrying of a firearm during drug trafficking. He raised eight claims in his motion: 1) that the restoration of his civil rights precluded the use of his prior conviction for purposes of the ACCA and his conviction as a felon in possession of a firearm; 2) that trial counsel was ineffective because he stipulated to his prior conviction; 3) that he was denied a fair trial and effective assistance of counsel when his prior conviction was disclosed to the jury without a limiting instruction; 4) that the prosecutor abused his power by withdrawing immunity from a key defense witness prior to trial; 5) that the prosecution deprived him of a fair trial by "vouching" for government witnesses; 6) that the government was required to prove knowledge that the gun had travelled through interstate commerce; 7) that the government was required to show a "present connection" between his possession of the gun and interstate commerce; and 8) that trial counsel was ineffective because, inter alia, he did not obtain the testimony of a key witness. On April 8, 1992, the district court summarily denied Doss's motion. It is from this judgment that Doss now appeals. His brief contains requests for transcripts and for counsel.
 
 
 3
 It appears that the district court relied on Rule 4(b) of the Rules Governing § 2255 Proceedings in denying Doss's motion. "[T]he preferred practice in dismissing a section 2255 motion in accordance with Rule 4(b) is to enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action." United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam). In addition, some understanding of the district court's reasoning is necessary for effective appellate review of the court's discretionary decisions to deny Doss's motion without an evidentiary hearing and without requiring a response from the United States Attorney. Cf. Morscott, Inc. v. City of Cleveland, 936 F.2d 271, 272 (6th Cir.1991). In the present case, the district court's summary denial of Doss's motion fails to provide an adequate basis for appellate review. See United States v. Marr, 856 F.2d 1471, 1472-73 (10th Cir.1988); United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983).
 
 
 4
 Accordingly, Doss's requests for transcripts and for counsel are denied without prejudice, and the case is remanded to the district court for a statement of the reasons which underlie its denial of the motion to vacate. Rule 9(b)(3), Rules of the Sixth Circuit.