RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0314P (6th Cir.)
File Name: 01a0314p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

SANFORD J. BERGER,
    *Plaintiff-Appellant,*

    *v.*

CITY OF MAYFIELD HEIGHTS,
et al.,
    *Defendants-Appellees.*

No. 99-4490

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 94-02036—David A. Katz, District Judge.

Argued: March 14, 2001

Decided and Filed: September 7, 2001

Before: NORRIS and DAUGHTREY, Circuit Judges;
ZATKOFF, District Judge.*

———————————

*The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

————————————

**COUNSEL**

**ARGUED:**  Amy S. Glesius, ELFVIN & BESSER, Cleveland, Ohio, for Appellant.  L. Bryan Carr, CARR, FENELI & CARBONE, Mayfield Heights, Ohio, for Appellees.  **ON BRIEF:** Amy S. Glesius, Bruce B. Elfvin, Barbara Kaye Besser, ELFVIN & BESSER, Cleveland, Ohio, for Appellant.  L. Bryan Carr, Leonard F. Carr, CARR, FENELI & CARBONE, Mayfield Heights, Ohio, for Appellees.

————————————

**OPINION**

————————————

MARTHA CRAIG DAUGHTREY, Circuit Judge.  This case is before us on appeal for the second time.  The plaintiff, Sanford J. Berger, sued the City of Mayfield Heights, Ohio, and several individual defendants for violation of his constitutional rights in a dispute with the City concerning the maintenance of property that he owned in Mayfield Heights. The district court granted summary judgment in favor of the defendants and dismissed the plaintiff's action.  On appeal, we reversed the district court's judgment, holding that the municipal ordinance under which Berger had been cited violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. On remand, Berger moved for attorneys' fees pursuant to 42 U.S.C. § 1988.  The district court denied Berger's motion, holding that he had prevailed on "a simple constitutional challenge to the City's ordinance," not a 42 U.S.C. § 1983 claim.  Berger now appeals the denial of attorneys' fees, insisting that he is a "prevailing party" under § 1988.  We agree, and we therefore conclude that the matter must be remanded for a determination of reasonable attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed history of this case can be found in our previous opinion. *See Berger v. City of Mayfield Heights*, 154 F.3d 621 (6th Cir. 1998). In relevant part, the facts reflected there indicate that plaintiff Berger and one of his neighbors got into a dispute concerning the maintenance of Berger's intervening vacant lot, which -- to the dismay of his neighbor -- he kept in a "natural state." The neighbor succeeded in soliciting the Mayfield Heights City Council to amend an ordinance to require owners of vacant lots with 100 feet or less of street frontage to "totally cut" their lots to a height of no more than eight inches. Not surprisingly, Berger's vacant lot contravened the ordinance, but he refused to comply with the City's demand to clear-cut his lot, resulting in his citation for a criminal violation.

In response to the citation, Berger sued the City and certain other defendants in a 12-count complaint. The first two counts alleged constitutional violations, as follows:

*Count I*: That the amended ordinance is not substantially related to the public health, safety, and welfare of the City, violates Ohio Rev. Code § 731.30, and is unreasonable and arbitrary, constituting a substantive due process violation under the Fourteenth Amendment.

*Count II*: That the amended ordinance is unconstitutional on equal protection grounds, because it treats similarly situated landowners differently, based solely on the square footage of their properties.

In the jurisdictional statement of his complaint, Berger predicated jurisdiction on the basis of "42 U.S.C. §§ 1982, 1983 and 1985 as well as 28 U.S.C. §§ 1343(3) and (4) and 2201 et seq." Berger sought relief, among other remedies, in the form of compensatory damages against the City; compensatory and punitive damages against the other defendants; an injunction against criminal prosecution for violation of the ordinance; a declaratory judgment that the ordinance violated the federal and Ohio constitutional Equal

Protection and Due Process Clauses; and attorney's fees and costs. The district court granted a temporary restraining order against criminal prosecution, and the City consented to hold in abeyance the criminal prosecution and its manicure of Berger's vacant lot pending final resolution of the litigation. After the other defendants were either dismissed by Berger or found immune from liability, the district court granted summary judgment in favor of the City on all counts of Berger's complaint.

On appeal, we reversed the grant of summary judgment to the City on Counts 1 and 2, finding, under a literal interpretation, that the ordinance violates both the Due Process and Equal Protection Clauses of the Fourteenth Amendment and, under a less-constrained interpretation, that it violates the Equal Protection Clause. *Berger*, 154 F.3d at 625-26. Following remand to the district court, Berger petitioned for an award of attorneys' fees pursuant to 42 U.S.C. § 1988, and the City filed a cross-motion for an award of attorneys' fees pursuant to § 1988 and 28 U.S.C. § 1927 and for sanctions against Berger pursuant to Federal Rule of Civil Procedure 11. The district court denied both petitions.

### DISCUSSION

### A.  § 1983 Claim

Berger argues that the district court erred when it denied him an award of attorneys' fees. Undergirding Berger's claim for fees is 42 U.S.C. § 1988, which provides:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

We review the denial of attorneys' fees for abuse of discretion. *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993) (citing *Perotti v. Seiter*, 935 F.2d 761, 763 (6th Cir. 1991)). "Abuse of discretion is defined as a definite and firm

circumstances a district court not merely 'may' but must award fees to the prevailing plaintiff. . . .'" *Morscott, Inc. v. City of Cleveland*, 936 F.2d 271 (6th Cir. 1991) (quoting *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989)).

It will, of course, be up to the district court on remand to determine the amount of attorneys' fees to which the plaintiff is entitled. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."); *see also Granzeier*, 173 F.3d at 578 (district court did not abuse its discretion in awarding plaintiff reduced attorney's fees due to partial success on civil rights action).

### CONCLUSION

For the reasons set out above, we REVERSE the judgment of the district court and REMAND the case for determination of attorneys' fees in favor of the plaintiff.

*Knox County Sch.]*, 963 F.2d [847,] 850 [(6th Cir.1992)] (citing *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 790, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989)). Rather, a party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success. *Id.*

*Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (quoting *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1999)).

Berger's action resulted in a significant change in the legal relationship between the parties. As indicated previously, the City initiated a criminal citation against Berger for not trimming his vacant lot pursuant to the amended ordinance. In municipal court, Berger filed motions to dismiss, suppress, and quash in response to the criminal charge. *Berger*, 154 F.3d at 621. The motions were dismissed by the municipal court, thus subjecting Berger to the prospect of criminal prosecution. Although the prosecution was held in abeyance pending resolution of his federal court claims, Berger, an attorney himself, faced the grim reality of adjudication and punishment for violation of the amended ordinance, and perhaps discipline by the Ohio State legal bar for a misdemeanor criminal conviction. That Berger escaped such dire consequences due to his success before the court demonstrates a substantial reversal in his legal relationship with the City.

The City attempts to circumvent a finding that Berger is a prevailing party with faulty arguments. First, the City reminds the court that 12 of Berger's 14 counts were dismissed. The implication of this observation, that Berger did not obtain substantial relief, directly contradicts the finding that Berger is a prevailing party.

The City also argues that an award of attorney's fees exists within the sound discretion of the district court, but this point adds nothing to the analysis, especially since we have previously observed that although "the Supreme Court has held . . . it is within the district court's discretion to award attorney's fees under section 1988, 'in the absence of special

conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989) (citing *Balani v. Immigration and Naturalization Service*, 669 F.2d 1157 (6th Cir. 1982)). "An abuse of discretion exists when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *First Technology Safety Systems v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993).

Although the district court acknowledged that Berger successfully challenged the constitutionality of the City's ordinance, it denied Berger an award of attorneys' fees with the following explication:

A constitutional challenge to a statute or ordinance is not, however, confined to an action under § 1983. Clearly, a district court has jurisdiction under 28 U.S.C. § 1331 to entertain such constitutional challenges. Neither the parties' briefs, this Courts's Memorandum Opinions nor the Sixth Circuit's decision characterize this case as a 'civil rights' action. It is quite simply a constitutional challenge to a city ordinance. 42 U.S.C. § 1983 is merely a vehicle whereby a litigant may assert a constitutional violation. Even assuming Plaintiff pled a cause of action under § 1983, he did not prevail on his constitutional challenge *through* § 1983. *See Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (§ 1983 'creates a right of action for the vindication of constitutional guarantees found elsewhere'). The basis upon which judgment was granted (to Defendant) and then ultimately reversed by the Sixth Circuit was based upon a constitutional analysis and there is no mention of 42 U.S.C. § 1983 in either of those decisions. Thus, Plaintiff's success in challenging the ordinance's constitutionality was not based upon § 1983 and Plaintiff cannot be considered a 'prevailing party' for purposes of attorneys fees under 42 U.S.C. § 1988(b).

We cannot endorse the district court's reasoning, which appears to turn on the notion that Berger's case was not a

"civil rights" action, and thus it was not a § 1983 action entitling the plaintiff to an award of attorneys' fees under § 1988. This distinction, however, has been expressly rejected by the Supreme Court in *Maine v. Thiboutot*, 448 U.S. 1 (1980).

There, the Court was asked to decide whether § 1983's proscription against the violation of federal "laws" should be limited to a subset of laws. The respondents in *Thiboutot* brought a § 1983 action in state court claiming that the State of Maine had violated the Social Security Act. They prevailed upon their § 1983 claim, but the state court denied an award of attorney's fees sought by the respondents pursuant to § 1988. Upon review, the Supreme Judicial Court of Maine concluded that the respondents were eligible for attorney's fees pursuant to § 1988. *Thiboutot*, 448 U.S. at 3-4. On certiorari to the United States Supreme Court, the state argued that the Social Security Act did not constitute a § 1983 'law' whose violation entitles an aggrieved litigant to the award of attorney's fees under § 1988. *Id*. at 6.

The Supreme Court, after recognizing that the plain language of § 1983 "undoubtedly embraces" a claim for violation of the Social Security Act, referred to prior cases to illustrate the resolution that the § 1983 remedy "broadly encompasses violations of federal statutory as well as constitutional law." *Id*. at 4-5 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 700-01 (1978) ("there can be no doubt that [§ 1983] was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights"); *Greenwood v. Peacock*, 384 U.S. 808, 829-30 (1966) (under § 1983, state "officers may be made to respond in damages not only for violations of rights conferred by federal equal civil rights laws, but for violations of other federal constitutional and statutory rights as well")); *see also Loschiavo v. City of Dearborn*, 33 F.3d 548, 551 (6th Cir. 1994) (federal regulations, in particular regulations promulgated pursuant to the Cable Communications Policy Act of 1984, have the force of law and thus may create enforceable rights protected under

the City deprived Berger of his constitutional rights by criminally citing him for violation of the ordinance, a deprivation that was remedied by the court in its prior decision on this case. *See Berger*, 154 F.3d at 626 ("Berger will obtain full relief by the new sections of the ordinance in question being declared null and void because the parties agreed to hold in abeyance the criminal prosecution and the cutting down of trees on Berger's lot until this appeal was decided."). Therefore, Berger's reliance upon § 1343(3) for jurisdiction and his presentation of substantial Fourteenth Amendment claims for which § 1983 provides a remedy compel a finding that he is entitled to an award of attorneys' fees pursuant to § 1988.

### B. Prevailing Party

In ruling on the plaintiff's motion for attorneys' fees, the district court did not decide whether Berger was a "prevailing party" within the ambit of § 1988. We think that there can be little question that Berger qualifies as such.

The standard for determining a "prevailing party" is well-established within this circuit:

"To be a 'prevailing party,' a party must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). In *Farrar v. Hobby*, 506 U.S. 103, 113, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992), the Court explained that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs." *Id*. 506 U.S. at [111-12, 113 S. Ct. 566]. *See Citizens Against Tax Waste v. Westerville City School [Dist. Bd. of Educ.]*, 985 F.2d 255, 257-58 (6th Cir. 1993). The Supreme Court has rejected a "central issue test" which would require a party to succeed on the main issue of the litigation to be considered "prevailing." *Krichinsky [v.*

accord jurisdiction to a litigant, § 1343(3) does provide jurisdiction for a § 1983 claim. Because Berger alleged and prevailed on constitutional claims set out in Counts 1 and 2 of his complaint, it is clear that his § 1983 claim averring constitutional violations may properly rest upon § 1343 jurisdiction. Hence, although the district court appeared to assert that the constitutional challenge rested on § 1331 jurisdiction, Berger's § 1983 claim of constitutional violations satisfied the criteria for § 1343 jurisdiction. To complete the analysis, we presume that Berger invoked § 1343(3) in order to establish district court jurisdiction over his § 1983 constitutional claims, especially given the fact that § 1343(3) is the jurisdictional counterpart of § 1983.

Furthermore, we hark back to the court's ruling in *Americans United* that "[t]he mere failure to plead or argue reliance on § 1983 is not fatal to a claim for attorney's fees if the pleadings and evidence . . . present a substantial Fourteenth Amendment claim for which § 1983 provides a remedy, and this claim is related to the plaintiffs' ultimate success." *Id*. at 631. The basic requirements of a § 1983 claim include a showing that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right. *See Soper v Hoben*, 195 F.3d 845, 852 (6th Cir. 1999), *cert. denied, Soper ex rel. Soper v. Hoben*, 530 U.S. 1262, 120 S. Ct. 2719 (2000) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Berger's claim satisfies these requirements. The City is construed as a person for purposes of federal law, and one may not seriously deny that the criminal citation filed against Berger constitutes an action under color of state law. *See Martin-Marietta Corporation v. Bendix Corporation*, 690 F.2d 558, 662 (6th Cir. 1982) (in a § 1983 action against the State of Michigan to remedy alleged violations of the Supremacy and Commerce Clauses, the court explained that "[i]t is academic that the State of Michigan, which instituted the state court enforcement proceedings [against the plaintiff corporation] pursuant to [Michigan law] . . . , is acting under color of state law."). With respect to the third requirement,

§ 1983). The Court held that § 1983 relief is not limited to the violation of civil rights and equal protection laws.

Furthermore, the Court concluded that since the plain language of § 1988 "states that fees are available in *any* § 1983 action[,]" § 1988 applied to the respondents' § 1983 suit for violation of the Social Security Act. *Id*. at 9. This holding was echoed in *Maher v. Gagne*, 448 U.S. 122 (1980), a case brought by the State of Connecticut objecting to an award of attorney's fees to a litigant who had prevailed on her § 1983 claim for violation of the Social Security Act:

> Petitioner's first argument is that Congress did not intend to authorize the award of attorney's fees in every type of § 1983 action, but rather limited the courts' authority to award fees to cases in which § 1983 is invoked as a remedy for a constitutional violation or a violation of a federal statute providing for the protection of civil rights or equal rights. . . . In *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L.Ed.2d 555, decided this day, we hold that § 1988 applies to all types of § 1983 actions, including actions based solely on Social Security Act violations.

*Id*. at 128. Hence, the district court's determination that § 1983 relief may be accorded only for "civil rights" violations has been expressly rejected by the Supreme Court. It follows that § 1988 fees are available for a party succeeding on any type of § 1983 claim.

We likewise cannot endorse the district court's alternative ruling that even if Berger pleaded a § 1983 cause of action, relief was granted pursuant to a constitutional analysis, not on the merits of a § 1983 claim. In *Americans United for Separation of Church and State v. School District of the City of Grand Rapids*, 835 F.2d 627 (6th Cir. 1987), we were asked to decide whether plaintiffs who have prevailed against state authorities on constitutional grounds must plead and rely specifically upon § 1983 in order to secure attorney's fees under § 1988. *Id*. at 628. The plaintiffs in *Americans United* had prevailed against the State of Michigan in an action

alleging violation of the Establishment Clause of the First Amendment to the federal constitution. The district court, however, denied the plaintiffs' motion for attorney's fees, observing that the plaintiffs brought their action pursuant to the Declaratory Judgment Act, not "'to enforce a provision of'" § 1983, and noting particularly that the plaintiffs had failed specifically to plead application of the statute. *Id*. at 628-29. We concluded:

> [Section] 1988 is concerned with the substance of a prevailing party's action, rather than the form in which it is presented. The mere failure to plead or argue reliance on § 1983 is not fatal to a claim for attorney's fees if the pleadings and evidence do present a substantial Fourteenth Amendment claim for which § 1983 provides a remedy, and this claim is related to the plaintiffs' ultimate success.

*Id*. at 631; *see also Consolidated Freightways Corp. v. Kassel*, 730 F.2d 1139 (8th Cir. 1984), *abrogated on other grounds by Dennis v. Higgins*, 498 U.S. 459 (1991) ("[T]he fact that a party prevails on a ground other than § 1983 does not preclude an award of attorney's fees under § 1988. If § 1983 would have been an appropriate basis for relief, then Consolidated is entitled to attorney's fees under § 1988 even though relief was actually awarded on another ground.") (citing *Maher*, 448 U.S. at 132 n. 15 ("The legislative history makes it clear that Congress intended fees to be awarded where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff prevailed is one for which fees cannot be awarded under [§ 1988].))

Relying upon two observations, we concluded in *Americans United* that the plaintiffs were entitled to an award of attorney's fees under § 1988. First, we noted that the plaintiffs pleaded jurisdiction under § 1343(a)(3), that "the Supreme Court described § 1343(3) as the 'jurisdictional counterpart' of § 1983," and that "'[d]espite the different wording of the substantive and jurisdictional provisions, when the § 1983 claim alleges constitutional violations, § 1343(3)

provides jurisdiction and both sections are construed identically.'" *Americans United*, 835 F.2d at 631-32 (quoting *Lynch v. Household Finance Corporation*, 405 U.S. 538, 543-44 and n. 7) (citations omitted)). This analysis is buttressed by the Supreme Court's explication concerning the relationship of § 1343 to § 1983:

> [Section 1343] specifically limits district court jurisdiction to cases in which the plaintiff alleges a violation of a right *secured by the Constitution* or by a federal statute 'providing for equal rights' or 'civil rights.' Inasmuch as it does not create substantive rights at all, but merely provides a remedy for the violation of rights conferred by the Constitution or other statutes, § 1983 does not fall within the category of statutes providing for equal rights or civil rights. *Therefore, there is not automatically federal jurisdiction under § 1343 whenever a plaintiff files a § 1983 claim; rather, the court must look to the underlying substantive right that was allegedly violated to determine whether that right was conferred by the Constitution or by a civil rights statute.*

*Maher*, 448 U.S. at 129 n. 11 (emphasis added).

Our second observation focused on paragraph 25 of the plaintiffs' complaint, which contained allegations sufficient to state a cause of action under § 1983, although the claim did not specifically rely upon that statute. *Id*. at 632. We ultimately held that the plaintiffs had satisfied the requirements of § 1988 because they prevailed in an action to enforce § 1983, and we instructed the parties that "the legislative history of § 1988 . . . 'makes it perfectly clear that [§ 1988] was intended to apply to any action for which § 1983 provides a remedy.'" *Id*. at 633-34 (quoting *Maher*, 448 U.S. at 129 n. 11).

Applying *Americans United* to the matter at hand, we observe that Berger stated in his complaint that jurisdiction over his case was conferred by, among other statutes, § 1983 and 28 U.S.C. §§ 1343(3) and (4). Although § 1983 does not