NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0713n.06
Filed: October 2, 2006

No. 05-2314

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **JAMES TOMPKINS**, on behalf of his son A.T., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| **LOU ANN TOMPKINS**, on behalf of her son A.T., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **TROY SCHOOL DISTRICT**, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| **TROY SCHOOL DISTRICT BOARD OF EDUCATION**, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**BEFORE:** **McKEAGUE and COOK, Circuit Judges; and WILHOIT, District Judge.**[*]

**McKEAGUE, Circuit Judge.** Plaintiffs-appellants appeal the order of the district court

denying their petition for the award of attorneys' fees arising from the parties' dispute over an

---

[*]Honorable Henry R. Wilhoit, Jr., Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

appropriate individualized education plan for plaintiffs' minor child. For the reasons that follow, we affirm the district court.

## I. BACKGROUND

In August 2004, after a four-year dispute, James and Lou Ann Tompkins (the "Parents"), parents of a disabled child, initiated special educational due process proceedings, claiming that their son had been denied the free and appropriate public education to which he is entitled under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1485 ("IDEA"). The Parents contended that the Troy School District (the "District") did not provide their son, adopted from a Russian orphanage, with an appropriately balanced education geared to his specific speech, language, educational, social, and emotional needs.

In the months prior to the formal due process hearing provided for by 34 C.F.R. § 300.507(a)(1), the parties engaged in extensive negotiations over appropriate educational services for the child, consisting of several rejected offers and counteroffers. The negotiations eventually resulted in a January 11, 2005, offer of settlement by the District proposing substantially enhanced educational services that satisfied the Parents' demands. Along with nine numbered paragraphs delineating the proposed educational services, the offer included a provision that the District would not reimburse the Parents' attorneys' fees:

> [T]he District cannot agree to reimburse the Parents' attorney fees as requested in your most recent settlement offer. As previously noted, if the Parents had communicated what programs and services they specifically wanted for their child . . . , it is likely that the District would have agreed to the same. . . . Thus, while the District remains interested in resolving this matter, it cannot offer to reimburse the Parents' attorney fees.

Letter of January 11, 2005, at 3.

In February of 2005, the Parents filed a motion with the local hearing officer ("HO"), Jason

Kolkema, seeking entry of judgment "adopting and incorporating" the terms in paragraphs 1-9 of the

District's offer of settlement and dismissing the scheduled due process hearing.[1]  A hearing on this

motion took place on February 23, 2005, via teleconference.  Present were both attorneys for the

Parents and the attorney for the District; the mother was also present for most of the conference.  At

the hearing, the Parents' counsel approved of the individualized educational plan that the District

had offered, but would not agree to the waiver of attorneys' fees.  The District refused to "parse" the

offer, maintaining that it could either be accepted in its entirety or rejected, in which case the parties

would proceed with the due process hearing as scheduled.

Concluding that the parties had reached consensus with respect to the "substantive" part of

the offer – educational services for the child – the HO decided to leave the "procedural" issue of

attorneys' fees for resolution in federal court.  Both parties expressed their intention to contest the

agreement in court:  the Parents to seek attorneys' fees, and the District to repudiate the agreement

if the Parents would not accept the offer in its entirety.  With the expectation that both parties would

contest the order, the HO entered the following Order of Dismissal on March 10, 2005:

> This matter having come before this Hearing Officer on the Petitioners' Motion for
> Entry of Judgment; having considered the arguments presented by the parties; and
> having received the attached January 11, 2005 offer of settlement which is

---

[1]Thus, the Parents' motion sought a judgment approving the terms of an offer they had not signed.  The motion also specifically requested the adoption of paragraphs 1-9 (proposing educational services) *only*, not the entire offer (which included the District's above-quoted refusal to pay attorneys' fees).

incorporated by reference; now therefore IT IS HEREBY ORDERED that for the reasons set forth in the record on February 23, 2005, this case is DISMISSED.

The District's offer of settlement of January 11, 2005, was attached to the Order. None of the parties appealed the order itself.

The question of attorneys' fees resurfaced three weeks later, when on March 14, 2005, the Parents requested by letter that the District reimburse their attorneys' fees, which by that time were in excess of $36,000. The District did not respond, and the Parents brought a petition in the district court to recover their attorneys' fees.

The district court denied the Parents' petition. The court reasoned that although the Parents, by entering into a valid settlement agreement, achieved the "prevailing party" status necessary for statutory entitlement to attorneys' fees, they simultaneously waived their right to such fees, because the HO's order incorporated the entire offer of the District, which expressly excluded any responsibility of the District for the Parents' attorneys' fees. The Parents bring this appeal to contest the district court's denial of the petition for an award of attorneys' fees.

## II.  ANALYSIS

### A.  Standard of Review

The standard of review for actions under the IDEA is "a modified *de novo* review." *Doe v. Bd. of Educ.*, 9 F.3d 455, 458 (6th Cir. 1993). Under this standard, "a district court is required to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings." *Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 764 (6th Cir. 2001). An appellate court, "in turn, applies a

clearly erroneous standard of review to the district court's findings of fact, and a *de novo* standard of review to its conclusions of law." *Id.* "An award of costs to a prevailing party . . . is considered under an abuse of discretion standard." *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir. 2004).

### B. Statutory Requirements for an Award of Attorneys' Fees

The Parents claim a right to attorneys' fees under the IDEA, which provides, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability . . . ." 20 U.S.C. § 1415(i)(3)(B)(I). A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).[1]

The district court found that the Parents "prevailed on significant issues through the settlement agreement that granted the substantive relief that they sought in the case." *James T. & Lou Ann T. v. Troy Sch. Dist.*, 407 F. Supp. 2d 827, 831 (E.D. Mich. 2005). This finding is uncontested on appeal.

---

[1]*Hensley* addressed an attorneys' fees claim under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. However, as this court held in *Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 693 n.1 (6th Cir. 2001) (citing *Buckhannon Bd. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 n.4 (2001)), "all statutes – including § 1988 – that authorize attorney's fees to the 'prevailing party' are to be treated consistently."

Such success alone, however, is not enough. The term "prevailing party" also requires that there be "a *court-ordered* 'change [in] the legal relationship between [the plaintiff] and the defendant.'" *Buckhannon Bd. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (emphasis added) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). Both judgments on the merits and "settlement agreements enforced through a consent decree" qualify as "court-ordered" changes with "the necessary judicial imprimatur." *Id.* at 604, 605.

Thus, for the Parents to be eligible for an award of attorneys' fees as "prevailing parties" under the IDEA, they must have (1) succeeded on a significant issue, and (2) this success must be embodied in either a judgment on the merits or in a settlement agreement enforced through a consent decree (i.e., an agreement with "the necessary judicial imprimatur"). The first requirement is undisputed on appeal. Regarding the second requirement, the district court held that the HO "imposed the obligations contained in the settlement offer" through his order and that the Parents therefore qualified as prevailing parties.

Though this court has not addressed the question of what qualifies as a "consent decree" under *Buckhannon*, other circuits have. The Fourth Circuit, for example, has held that "an order containing an agreement reached by the parties may be functionally a consent decree for purposes of the inquiry to which *Buckhannon* directs us" where "the obligation to comply with [the settlement's] terms is 'made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Smyth v. Rivero*, 282 F.3d 268, 280-81 (4th Cir. 2002) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

In *A.R. v. New York City Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005), the Second Circuit applied *Buckhannon* and the "judicial imprimatur" requirement to a hearing officer's decision in an IDEA proceeding. The *A.R.* court held that although the hearing officer who rendered the decision was not a judge, "an []HO's decision on the merits in an IDEA proceeding does constitute 'administrative imprimatur.' Although not 'judicial,' such an order changes the legal relationship between the parties: Its terms are enforceable, if not by the [L]HO itself, then by a court, including through an action under 42 U.S.C. § 1983." *Id.* at 76.

Arguably, under the Second and Fourth Circuits' reasoning, the HO's order in this case lends sufficient "judicial imprimatur," because it incorporates the terms of the District's offer of settlement and because, though the HO is only an administrative officer, the terms of an incorporated agreement are potentially enforceable by a court. However, this court need not decide in this case whether to adopt the reasoning of the Second and Fourth Circuits, or whether under the particular facts of this case the HO's order was sufficient under *Smyth* and *A.R.* Even assuming, without deciding, that the parties had an agreement with sufficient judicial imprimatur to render the Parents the prevailing party, the Parents' petition still fails due to their valid waiver, as explained below.

**C. Waiver of Attorneys' Fees**

In actions brought under the IDEA, "Sixth Circuit case law requires that a district court award attorney fees to a prevailing party where no special circumstances militate against such an award." *Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004) (citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001)). Special circumstances are to be "analyzed

on a case-by-case basis." *Id.* Clearly, the "special circumstance" in this case is the explicit disclaimer in the District's offer of any responsibility for the Parents' attorneys' fees.

The Supreme Court explained in *Evans v. Jeff D.*, 475 U.S. 717, 730 (1986), that statutory provision for attorneys' fees "d[oes] not prevent the party from waiving this eligibility" for attorneys' fees. As the Court held, "[t]he text of the Fees Act[2] provides no support for the proposition that Congress intended to ban all fee waivers offered in connection with substantial relief on the merits." *Id.* Assuming that the Parents are the "prevailing party," under the circumstances of this case the district court could not have awarded attorneys' fees to the Parents. As the district court correctly found, the Parents' actions in the proceedings before the HO effectively waived their right to payment of attorneys' fees by the District.

The Parents dispute this finding, arguing that they did not accept the provision in the District's offer of settlement excluding payment of attorneys' fees. The basis of their claim that they "prevailed" is the proposal of enhanced educational services for their son in the District's offer of settlement. Clearly, the proposed educational services in the offer of settlement were acceptable to the Parents, while the unambiguous provision in the same offer that the District would not pay the Parents' attorneys' fees was not.

The avenues properly open to the Parents and the HO in response to the District's settlement offer were explained succinctly by the Supreme Court in *Evans*, 475 U.S. at 727:

> The options available to the District Court [here, the HO] were essentially the same
> as those available to respondents:  it could have accepted the proposed settlement;

---

[2]The Civil Rights Attorney's Fees Award Act, the same statute addressed in *Buckhannon*.

> it could have rejected the proposal and postponed the trial to see if a different settlement could be achieved; or it could have decided to try the case. The District Court could not enforce the settlement on the merits and award attorney's fees [which were expressly refused by the offer of settlement].

Likewise, in this case, the HO and the Parents could have accepted the settlement as offered; continued negotiations; or proceeded to the scheduled due process hearing. As the Supreme Court observed in *Evans*, the Parents did not have the option of accepting a portion of the offer, foregoing the due process hearing, and then seeking to have a different portion of the offer materially altered in their favor by a court.

Instead of pursuing one of the three available options, the Parents moved for, and the HO granted, an order approving the offer of settlement, but with objections by both parties.[3] While the District objected to the entry of any order when a complete agreement had not been reached, both the Parents and the HO simply attempted to defer the matter of attorneys' fees for subsequent adjudication in federal court.

The Parents now argue that "[t]he parties did not have a settlement agreement," because "the parents clearly and consistently communicated their opposition to waiving their right to fees and their intent to pursue further litigation *for reimbursement*." Appellant's Brief at 18. In essence, the

---

[3]More specifically, the HO decided to include the entire offer in the record, enter an order dismissing the due process hearing, and have *both* parties "state your objections in the record," so that "[b]oth parties can appeal" the terms of the settlement. 2/23/05 Teleconference Transcript at 26. The HO's decision was based in the main on the importance of "judicial economy." *Id.* at 16. The very fact that this case is now before this court on appeal makes clear that judicial economy is not served by entering an order expected to be contested immediately by both parties, merely in order to avoid holding the administrative hearing provided for in 34 C.F.R. § 300.507(a)(1) and Mich. Admin. Code r. 340.1724.

Parents' position on appeal is that there *was no settlement agreement* where attorneys' fees are concerned, but that there *was a settlement agreement* regarding the educational programming for their son proposed in paragraphs 1-9 of the District's offer of settlement. This ignores a basic principle of contract law, namely that a party to an agreement is "constrained to accept the burdens as well as the benefits" of the agreement. *Warblow v. Kroger Co.*, 401 N.W.2d 361, 363 (Mich. Ct. App. 1986); *see also In re Ralston*, 401 F.2d 293, 295 (6th Cir. 1968).

It is this constraint that the Parents are attempting to avoid here. During the teleconference, the District reiterated several times that "the district's offer does not include any reimbursement for attorneys fees."[4] 2/23/05 Teleconference Transcript at 18. The Parents contend on appeal that "[b]y incorporating the letter, [the HO] provided the judicial imprimatur to allow the parents to pursue reimbursement." Appellant's Brief at 13. Under basic contract principles, such an outcome is simply impossible. Either there was no agreement at all, in which case the Parents are not the prevailing party, or there was an agreement, and it included both those terms that benefitted the Parents and those that benefitted the District.

The Parents cannot legitimately claim that no agreement was reached at all. In their argument for attorneys' fees, they contend not only that the terms describing educational services in the District's offer of settlement are enforceable, but that those terms provide a significant improvement over previous services. These contentions are offered in support of their claim that they are

---

[4]The District's offer is simply not susceptible of the construction the Parents attempt to give it on appeal. They contend that "[t]he district's letter . . . does not contain such a stipulation that the parents waive their rights to fees. It merely suggests the District cannot agree to offer fees." Appellant's Brief at 21.

"prevailing parties" under 20 U.S.C. § 1415(i)(3)(B)(I). Thus, the Parents' entire claim for attorneys' fees is based on the theory that the District's offer of settlement was accepted, is enforceable, and represents significant gains for the Parents over previous services the District offered their son. Simultaneously, they argue that a provision of the same offer stating that the District would not pay attorneys' fees is *not* enforceable. They cannot have it both ways – they entered into an enforceable contract, and they are bound by all of its terms.

### D. Public Policy

The Parents argue lastly that public policy requires that the District pay their attorneys' fees because "[l]imiting the availability of reimbursement of attorney fees would severely abridge these rights" to educational accommodations for disabled children, "and the opportunity for parents to advocate for their children." Appellant's Brief at 24. However, as the Supreme Court noted in the Civil Rights context, Congress did not "intend[] to ban all fee waivers offered in connection with substantial relief on the merits." *Evans*, 475 U.S. at 730. While it is true that eliminating the availability of attorneys' fees awards altogether might well limit parents' ability to advocate for learning disabled children, they point to no public policy which forbids a voluntary waiver of attorneys' fees in IDEA cases.

### III. CONCLUSION

The Parents' acceptance of the District's offer of enhanced educational programming required that they accept the District's offer in its entirety. The district court correctly found that the parties had reached a settlement agreement which included both the enhanced educational program

for the Parents' son and the District's refusal to pay attorneys' fees. Accordingly, the district court's

denial of the Parents' petition for attorneys' fees was proper under the law and is **AFFIRMED**.