NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0520n.06

No. 08-4004

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jul 29, 2009**

LEONARD GREEN, Clerk

PAUL KEENE and MARY FEHSKENS,          )
                                        )
    Plaintiffs-Appellees,               )      ON APPEAL FROM THE
                                        )      UNITED STATES DISTRICT
        v.                              )      COURT FOR THE SOUTHERN
                                        )      DISTRICT OF OHIO
SUSAN TAVE ZELMAN and THE OHIO BOARD     )
OF EDUCATION,                           )
                                        )
    Defendants-Appellants.              )
                                        )

BEFORE:  MERRITT, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendants Ohio Board of Education and Susan Zelman, Ohio Board of Education

Superintendent and Director, appeal a district court order granting plaintiffs' motion for attorneys'

fees under the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA").

20 U.S.C. § 1415.  We affirm.  In doing so, we hold that no special circumstances militated against

the attorney fee award, and the district court did not abuse its discretion.

I.

The $81,093.62 fee award contested in this appeal stems from the settlement of a class action

lawsuit filed by plaintiffs Paul Keene and Dr. Mary Fehskens on behalf of their son, "S.K.," claiming

that the Westerville City School District and defendants "impos[ed] unlawfully stringent and

technical pleading requirements upon requests for administrative hearings in special education cases." Although our jurisdiction is limited to our review of the fee-award order, defendants' "special circumstances" argument presumes an understanding of the IDEA's due process procedures. For this reason, we provide the following background of the IDEA's administrative review process.

A.

In exchange for federal funding, the IDEA requires states to identify, locate, and evaluate "all children with disabilities residing in the State . . . and who are in need of special education and related services . . . ." 20 U.S.C. § 1412(a)(3)(A). States must provide all such disabled children a "free appropriate public education" ("FAPE"), 20 U.S.C. § 1412(a)(1)(a), and school districts receiving IDEA funds must establish an individualized education program ("IEP") for each disabled child. 20 U.S.C. § 1414(d)(1).

Under the IDEA, the IEP must contain a specific statement of the child's current performance levels, the child's short-term and long-term goals, the proposed educational services, and criteria for evaluating the child's progress. The IDEA also requires the school district to review the IEP on an annual basis for any necessary adjustments or revisions. 20 U.S.C. § 1414(d).

The IDEA provides an administrative review process through which parents who disagree with the appropriateness of an IEP can seek relief. 20 U.S.C. § 1415(b). The process begins with a due process complaint to the school district, often termed a due process hearing request, which is followed by a due process hearing, where the parents can voice their concerns to an independent hearing officer ("IHO"). 20 U.S.C. § 1415(c)(2)(A). Any party may appeal the IHO's decision to

a state-level review officer ("SLRO"). 20 U.S.C. § 1415(g)(2). Finally, any party aggrieved by the

SLRO's decision can file a lawsuit in state or federal court. 20 U.S.C. § 1415(i)(2).

A due process complaint must contain the following information:

(I) the name of the child, the address of the residence of the child (or available contact information in the case of a homeless child), and the name of the school the child is attending;

(II) in the case of a homeless child or youth . . . available contact information for the child and the name of the school the child is attending;

(III) a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and

(IV) a proposed resolution of the problem to the extent known and available to the party at the time.

20 U.S.C. § 1415(b)(7)(A)(ii).

B.

In February 2006, plaintiffs were dissatisfied with Westerville's IEP for their son, S.K., who

suffers from a mixed receptive and expressive language disorder and suspected autism. Plaintiffs'

conflicts with Westerville began in August 2002, when they first approached the school district to

discuss the type of special education services available to S.K. to counteract his speech and language

delays. Westerville had previously rejected S.K.'s physician's IEP recommendations, determining

that S.K. was ineligible to receive special education services if he enrolled in its kindergarten

program. Based on this decision, plaintiffs decided to provide private speech and language services

to S.K. at their own expense.

In January 2005, plaintiffs requested a meeting with Westerville and presented a speech-language evaluation from their private speech therapist and a second evaluation from his physician. S.K.'s physician also recommended placing S.K. at the Marburn Academy, a school specially designed for children with learning disabilities. Following the January 2005 meeting, Westerville again denied S.K. special education services. At that time, plaintiffs sent a notice to Westerville stating that they would unilaterally enroll S.K. at the Marburn Academy for the 2005-2006 academic year. Thereafter, Westerville refused plaintiffs' request for public payment of S.K.'s Marburn Academy tuition.

In November and December 2005, Westerville reversed their prior assessments, proposing an IEP that terminated S.K.'s attendance at the Marburn Academy and offered S.K. comparable special education services at Westerville. Westerville's IEP, however, was untimely because it was proposed after the first day of the academic school year. 20 U.S.C. § 1414(d)(2)(A).

Plaintiffs sent a three-page due process complaint, pursuant to 20 U.S.C. § 1415(b)(6), to the Superintendent of the Westerville School District, George Tombaugh, requesting a hearing regarding Westerville's proposed IEP and seeking, among other things, reimbursement for tuition paid at Marburn and expenses related to S.K.'s private educational evaluations.

Initially, plaintiffs' request for a due process hearing proceeded without incident. Defendants sent a letter to plaintiffs identifying three potential IHOs to preside over their hearing. This process was interrupted, however, when Westerville faxed a "sufficiency challenge" to Matthew J.

Rohrbacher (an IHO unilaterally selected by Westerville), seeking the dismissal of plaintiffs' due process complaint because it provided "insufficient notice" under 20 U.S.C. § 1415(b)(7)(A)(ii).

Plaintiffs faxed a response to Rohrbacher arguing, *inter alia*, that their due process complaint satisfied § 1415(b)(7)(A)(ii) and Westerville's sufficiency challenge failed to address any pivotal issues concerning S.K.'s IEP. Shortly thereafter, Rohrbacher dismissed plaintiffs' due process complaint because it allegedly failed to identify the IEP's flaws, as required under 20 U.S.C. § 1415(b)(7)(A)(ii)(III). Upon receiving the dismissal notice, Westerville cancelled plaintiffs' due process hearing.

Two days later, defendants sent a letter to plaintiffs stating that they were closing their "case" and that "no further action would be taken." In this letter, defendants informed plaintiffs that they could file a new complaint, but failed to disclose their right to seek leave to amend it before Westerville cancelled their hearing. *See* 20 U.S.C. § 1415(c)(2)(E).[1]

Plaintiffs filed a notice of appeal with an SLRO. The SLRO, however, dismissed plaintiffs' appeal as premature, concluding that there was "no final decision" to review because their request for a due process hearing had been dismissed for "lack of specificity."

In May 2006, plaintiffs filed a ten-count class action complaint in the United States District Court for the Southern District of Ohio on behalf of S.K., alleging, *inter alia*, that Westerville and

---

[1]The IDEA provides that "[a] party may amend its due process complaint notice [] if . . . the other party consents in writing to such amendment and is given the opportunity to resolve the complaint . . . or . . . the hearing officer grants permission, except that the hearing officer may only grant such permission at any time not later than 5 days before a due process hearing occurs." 20 U.S.C. § 1415(c)(2)(E)(i)(I)-(II).

the state-agency defendants unlawfully dismissed their due process complaint, illegally closed their case, and created and perpetrated policies and procedures that caused widespread, unlawful dismissals of due process complaints throughout the state of Ohio. Plaintiffs also alleged that defendants instructed the IHO assigned to their case "to do nothing" for the first thirty days (other than to schedule a hearing) and to bill for no more than one hour of time. Plaintiffs' complaint sought declaratory and injunctive relief, as well as compensatory damages related to S.K.'s tuition and special education services.

In April 2007, eleven months after filing their complaint, plaintiffs entered into a settlement agreement with defendants.[2] In it, "[t]he State Defendants agree[d] that Plaintiffs [were] prevailing parties with respect to systemic issues related to sufficiency challenges in the . . . litigation. The Parties [also] reserve[d] all rights with respect to the issue of attorney's [sic] fees . . . ." Defendants also agreed to institute changes to their due process procedures, including retraining their IHOs about employing the proper standard of review under 20 U.S.C. § 1415(b)(7)(A)(ii) when evaluating the sufficiency of due process complaints.

Following the settlement, plaintiffs moved for attorneys' fees under 20 U.S.C. § 1415(i). The district court granted plaintiffs' motion, but excluded claimed attorneys' fees generated during the administrative process.

Defendants timely appeal the $81,093.62 attorney fee award, arguing that the district court erred in rejecting their claim that "special circumstances" warranted the denial of plaintiffs' motion.

---

[2]Plaintiffs negotiated a separate settlement agreement with the Westerville defendants.

II.

Section 1415(i) of the IDEA provides, in pertinent part, that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Tompkins v. Troy Sch. Dist.,* 199 F. App'x 463, 465 (6th Cir. 2006) (unpublished) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"An award of costs to a prevailing party . . . is considered under an abuse of discretion standard." *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir. 2004) (citing *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (quoting *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)). In IDEA lawsuits, we have *"require[d] . . .* district court[s] [to] award attorney fees to a prevailing party where no special circumstances militate[d] against such an award." *Tompkins,* 199 F. App'x at 466 (emphasis added) (quoting *Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004)).

"[L]ittle guidance has been provided by the Supreme Court as to precisely what constitutes a special circumstance that would defeat a fee award, and [this court] ha[s] recently opted for a case-by-case approach rather than adopting a predetermined formula." *Deja Vu v. Metro. Gov't of*

*Nashville*, 421 F.3d 417, 422 (6th Cir. 2005) (quotations omitted) (discussing uncertainty of "special circumstances" that would warrant denying attorneys' fees in a civil rights action brought under § 1988). In a case-by-case inquiry, "the burden is on the non-prevailing party to make a strong showing that 'special circumstances warrant a denial of fees.'" *Id.* (quoting *Morscott, Inc. v. City of Cleveland*, 936 F.3d 271, 273 (6th Cir. 1991)).

"First, while there are no bright line rules regarding special circumstances, the courts have made clear that special circumstances should not be easily found." *Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005) (unpublished) (citing *Wikol*, 360 F.3d at 611). "Second, there is no support for the proposition that the closeness or difficulty of a case constitutes a special circumstance under which a district court may deny attorney's fees . . . ." *Id.* "Finally, we must consider that the purpose of the fee-shifting provision is to make it easier for a plaintiff of limited means to bring a meritorious suit, by offering some incentive for attorneys to take such cases." *Id.* (citing *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 63 (1980)).

Defendants assert the existence of three special circumstances: 1) they did not have the ability to address the administrative decisions prompting plaintiffs' lawsuit; 2) they acted to correct the disputed administrative decisions as soon as practicable; and 3) the Westerville school district was the culpable party, and it alone should bear the litigation costs associated with plaintiffs' lawsuit.

Specifically, defendants contend that 20 U.S.C. § 1415(i)(1)(A) prevented their ability to address the dismissal of plaintiffs' due process complaint because the IDEA mandates that all due

process decisions are final, unless or until these decisions are overturned by an SLRO. Specifically, § 1415(i)(1)(A) states:

> A decision made in a [due process] hearing . . . shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) of this section and paragraph (2).

*Id.* Contrary to defendants' contention, § 1415(i)(1)(A) is wholly inapposite. Section 1415(i)(1)(A) involves an IHO ruling made *pursuant* to a due process hearing. As defendants are aware, plaintiffs never received a due process hearing in the present case.

In *Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d at 611, we held that a party's submission of "false and misleading [attorney] billing" was not a special circumstance that warranted the denial of attorneys' fees. In *Morscott, Inc. v. City of Cleveland*, 936 F.3d at 273, we concluded that the district court abused its discretion because it did not identify a special circumstance that justified its denial of an award. In doing so, we stated that:

> we must articulate reasons for any departure from the general rule that prevailing parties are to be awarded fees, identifying any special circumstances and explaining why they render an award unjust. The defendant has the burden of showing special circumstances warrant a denial of fees, and the defendant's showing must be a strong one.

*Morscott*, 936 F.2d at 273 (quoting *Herrington v. County of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989)). Here, the district court carefully analyzed and rejected each of defendants' asserted special circumstances. Moreover, we have yet to reverse a district court's order awarding attorneys' fees under 20 U.S.C. § 1415(i) for an abuse of discretion where it ruled that a party failed to meet its burden of demonstrating special circumstances.

Defendants' second and third alleged special circumstances are equally without merit. Defendants assert that they acted to correct the disputed administrative decision as soon as they had the ability to do so. The record belies this argument. As a preliminary matter, a party's good faith is not a special circumstance that justifies the denial of attorney's fees. *Morscott,* 936 F.2d at 273. In addition, defendants' first opportunity to address the premature dismissal of plaintiff's complaint was during the SLRO appeal process. At that time, defendants elected to affirm the complaint's dismissal without substantively addressing plaintiffs' arguments under 20 U.S.C. § 1415(b)(7)(A)(ii).

Finally, the district court properly rejected defendants' argument that Westerville was the only culpable party. As it noted in its order:

> [t]he claims against the Westerville defendants involve primarily the decision of the Westerville defendants to refuse to pay for the placement of plaintiff S.K. in a suitable school. The claims against the state defendants involve the alleged deficiencies in the procedures for litigating due process notices. The state defendants cannot be characterized as being less culpable than the Westerville defendants in this case.

Simply put, plaintiffs' lawsuit was based, in part, upon defendants' duty to "establish" procedures that "ensure that children with disabilities and their parents are guaranteed procedural safeguards . . . with respect to a free appropriate public education." Ohio Rev. Code § 3323.05; *see also* 20 U.S.C. § 1412(a)(11)(A)(i). A parent's right to a due process hearing provides the only vehicle to preserve those safeguards. 20 U.S.C. § 1415(b)-(f). Defendants were not blameless regarding plaintiffs' claims because they were charged with establishing the due process procedures that provided the impetus for plaintiffs' lawsuit.

III.

For these reasons, we affirm the order of the district court.  In addition, we remand this case to the district court for its determination of an appropriate award of plaintiffs' appellate attorneys' fees under 20 U.S.C. § 1415(i).